IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:00-CR-246 |
| | ) | |
| v. | ) | GOVERNMENT'S STATEMENT OF |
| | ) | POSITION REGARDING POSSIBLE |
| AGRON SIMPSON, | ) | ELIGIBILITY FOR RELIEF |
| | ) | UNDER SECTION 3582(c)(2) |
| Defendant. | ) | |

The United States of America, by and through its undersigned counsel, respectfully files its Position Regarding Possible Eligibility for Relief under Section 3582(c)(2) as requested by the Court (Docket No. 98):

1. The government agrees with the Probation Office that defendant is eligible for a reduction in sentence within the revised range of 151-188 months based on 567 grams of crack cocaine, together with other offense characteristics and defendant's criminal history. (Court's Docket No. 96; see also PSR ¶ 39.)

2. Although the Court has the authority to reduce defendant's sentence, however, it is not obligated to do so. *See* 18 U.S.C. § 3582(c)(2) (sentencing court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a)," emphasis supplied). As indicated in the Probation Office's report, defendant has a significant disciplinary record in the Bureau of Prisons, including 19 documented violations. These include fighting, rioting, possession of intoxicants, disruptive conduct, and failure to comply with orders. These factors suggest that defendant is a poor candidate for any further reduction in is sentence. The Court would act within its discretion by simply denying any request for a sentencing reduction, and the government urges it to do so. *See United States v. Smith*, 595 F.3d 1322 (5th Cir.) (affirming denial of relief for defendant with record of 19 prison disciplinary violations and noting that

commentary to USSG § 1B1.10 specifically provides that sentencing "court may consider post-sentencing conduct"), *cert. denied*, 130 S. Ct. 3374 (2010); *United States v. Lafayette*, 585 F.3d 435, 439-40 (D.C. Cir. 2009) (court considered a number of factors, including incidents while in prison and the severity of defendant's original crime, in denial of motion to reduce sentence).

3. In the alternative, should the Court elect to enter an order reducing defendant's sentence, the government suggests that the Court condition any such reduction upon defendant's consent to serving up to 180 days in a halfway house under the supervision of the United States Probation Office. *See* 18 U.S.C. § 3583(e)(2) (Court's authority to modify terms of supervised release). This is suggested to increase defendant's chances for success on supervised release, particularly in light of the disciplinary record and other concerns noted above and the fact that the defendant likely would be eligible for release in a very short period should his sentence be reduced.[1] Should the Court elect to modify the terms of the defendant's supervised release, however, the Court would be required to convene a hearing where the defendant is represented by counsel unless the defendant waives a right to such a hearing. *See* Fed. R. Crim. P. 32.1(c).

WHEREFORE the United States requests that defendant's motion to reduce sentence be denied; and that, in the alternative, that the Court require defendant's consent to 180 days in a community correctional facility as a special condition of supervised release prior to granting any reduction in his sentence.

---

[1]Often, BOP allows defendants to serve their last several months in a halfway house in order to ease their transition into the community; at present, it appears that this defendant remains in a BOP facility. Undersigned counsel also has been informed that a significant number of defendants who were immediately released into the community (i.e., with no transition plan) during the last retroactivity cycle had difficulties maintaining compliance with their terms of supervised release.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: _/s/Andrew H. Kahl_____
Andrew H. Kahl
Assistant United States Attorney
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Dec. 1, 2011, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail  _____Fax  _____Hand Delivery

__X__ECF/Electronic filing  _____Other means

UNITED STATES ATTORNEY

By: /s/ A. Kahl, AUSA_____