United States Court of Appeals

For the Eighth Circuit

_____

No. 17-1872

_____

United States of America

*Plaintiff - Appellee*

v.

Agron Mitchell Simpson

*Defendant - Appellant*

_____

No. 17-1877

_____

United States of America

*Plaintiff - Appellee*

v.

Agron Mitchell Simpson, also known as Mitch

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 2, 2018
Filed: January 10, 2018
[Unpublished]

———————

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

In these consolidated appeals, Agron Simpson challenges the above-Guidelines-range sentences the district court[1] imposed after he pleaded guilty to committing credit card fraud offenses, and he challenges the consecutive sentence the district court imposed upon revoking his prior supervised release.  Simpson's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court incorrectly calculated the loss amount for the new offenses, and imposed substantively unreasonable sentences for both the new offenses and the revocation.

We conclude that any error in calculating the loss amount was harmless, in light of the district court's statements at sentencing.  See United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) (finding harmless error where sentencing court made clear that it relied on 18 U.S.C. § 3553(a) factors--independent of Guidelines range--in deciding to vary upward, and acknowledged these reasons would apply even in face of defendant's objections).  We further conclude that the district court did not impose a substantively unreasonable sentence for either the new convictions or the revocation.  See United States v. McGhee, 869 F.3d 703, 705-06 (8th Cir. 2017) (per curiam) (both revocation sentencing decisions and initial sentencing decisions are reviewed for abuse of discretion).  The record reflects that,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

in determining the sentences for the new convictions, the court carefully considered and discussed relevant section 3553(a) factors. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (describing appellate review of sentencing decisions). As to the revocation sentence, we note that the consecutive 18-month sentence was both within statutory limits and within the Guidelines Chapter 7 range. See 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 5 years if underlying offense is Class A felony); United States v. Hergott, 562 F.3d 968, 970 (8th Cir. 2009); see also U.S.S.G. § 7B1.4(a) (range is 12-18 months for Grade B violation with Category IV criminal history); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of substantive reasonableness to revocation sentence within Guidelines range).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____